UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

STEPHANIE MOORE as Personal Representative
For the Estate of BOOKER THOMAS MOORE, Deceased

                    Plaintiff                Case No. 20-       -NM

vs.                                           HON.

EVAN KATIN-BORLAND; ANTHONY TARRICONE;
KREINDLER & KREINDLER, LLP;
KONSTANTINE WILLIAM KYROS; AND
KYROS LAW OFFICES

                    Defendant.

| | |
|---|---|
| LAWRENCE J. ACKER (P28123)<br>Attorneys for Plaintiff<br>LAWRENCE J. ACKER, P.C.<br>901 Wilshire Drive, Suite 550<br>Troy, MI 48084<br>248/594-7277 | |

**COMPLAINT AND JURY DEMAND**

There is no other pending or resolved
civil action arising out of the same
transaction or occurrence as alleged in
the Complaint between these parties.

_____
Lawrence J. Acker (P28123)

**COMPLAINT**

NOW COMES the Plaintiff herein, STEPHANIE MOORE as Personal Representative of

the Estate of BOOKER THOMAS MOORE, Deceased, by and through her counsel LAWRENCE J.

ACKER, P.C. and for her Complaint against the Defendants, states as follows:

LAWRENCE J. ACKER
Professional Corporation
901 Wilshire Drive, Suite 550, Troy, Michigan 48084
Phone: (248) 594-7277

1

JURISDICTION AND VENUE

1.    Plaintiff files this Complaint under 28 USC Section 1332, on the basis of Diversity of Citizenship, as described below.

2.    Booker Thomas Moore is deceased.

3.    The Estate of Booker T. Moore has been established and is pending in the State of Michigan, County of Genesee, Flint, Michigan.

4.    Letters of Authority have been furnished to the Personal Representative, Mrs. Stephanie Moore, who is Mr. Booker T. Moore's primary heir, and widower.

5.    The Estate is established in the Probate Court for the County of Genesee, State of Michigan, and has been assigned Case No. 2012-193944 DE.  Letters of Authority were issued on June 28, 2012.  The Letters of Authority have been renewed.

6.    Defendant attorney Evan Katin-Borland is associated with the firm of Kreindler & Kreindler in New York, New York.  Mr. Katin-Borland provided services in an attorney-client relationship with the Estate of Booker T. Moore, as will be described in greater detail in the "factual summary" section of this Complaint.  Mr. Katin-Borland maintains offices in the State of New York, but conducts a practice that involves litigation in Pennsylvania, involves clients who are domiciled in the State of Michigan and he is otherwise amenable to the long arm jurisdiction statute of the State of Michigan. [MCLA 600.705]

7.    Defendant attorney Anthony Tarricone is associated with the firm of Kreindler & Kreindler in New York, New York.  Mr. Tarricone provided services in an attorney-client relationship with the Estate of Booker T. Moore, as will be described in greater detail in the "factual summary" section of this Complaint.  Mr. Tarricone maintains offices in the State of

**LAWRENCE J. ACKER**
Professional Corporation
901 Wilshire Drive, Suite 550, Troy, Michigan 48084
Phone: (248) 594-7277

2

New York, but conducts a practice that involves litigation in Pennsylvania, involves clients who are domiciled in the State of Michigan and he is otherwise amenable to the long arm jurisdiction statute of the State of Michigan. [MCLA 600.705]

8.    Defendant Kreindler & Kreindler, LLP maintains offices in the City of New York, State of New York.  The Kreindler firm conducts business in multiple states throughout the United States, including the State of Michigan.  Kreindler & Kreindler managed litigation, to be described more fully in the balance of this Complaint, in matters that were pending in the State of Pennsylvania.

9.    Defendant attorney Konstantine William Kyros is associated with the firm of Kyros Law Offices in Hingham, Massachusetts. Mr. Kyros provided services in an attorney-client relationship with the Estate of Booker T. Moore, as will be described in greater detail in the "factual summary" section of this Complaint. Mr. Kyros maintains offices in the State of Massachusetts, but conducts a practice that involves litigation in Pennsylvania, involves clients who are domiciled in the State of Michigan and he is otherwise amenable to the long arm jurisdiction statute of the State of Michigan. [MCLA 600.705]

10.    Defendant Kyros Law Offices maintains offices in Hingham, Massachusetts. The Kyros firm conducts business in multiple states throughout the United States, including the State of Michigan. Kyros Law Offices managed litigation, to be described more fully in the balance of this Complaint, in matters that were pending in the State of Pennsylvania.

11.    The Kreindler & Kreindler, LLP and Kyros Law Offices professional entities are both amenable to the long arm statue of the State of Michigan, MCLA 600.705.

LAWRENCE J. ACKER
Professional Corporation
901 Wilshire Drive, Suite 550, Troy, Michigan 48084
Phone: (248) 594-7277

12.   The jurisdictional amount of this United States District Court is satisfied by the

monetary damages that are attributable to the claims that are described in this Complaint.

13.   Jurisdiction and venue are proper in this Court pursuant to 28 USC Section 1391

(b)(2).

14.   This Court has original jurisdiction over the claims against Defendants pursuant

to 28 U.S.C. § 1332, because the Plaintiffs and Defendants are diverse in citizenship, and the

amount in controversy exceeds $75,000.

15.    Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C.

§1391(b), because it is the district in which the tortious conduct occurred and the damages

accrued.

16.   The amount in controversy, exclusive of interest and attorney fees, exceeds

$75,000 and is otherwise within the jurisdiction of this Court.

<u>FACTUAL SUMMARY</u>

17.   Booker Thomas Moore was a National Football League professional football

player.

18.   Mr. Moore began his football days at Flint Southwestern Academy in Flint,

Michigan, attended college at Pennsylvania State University and ultimately played for the

Detroit Lions and the Buffalo Bills. Mr. Moore was drafted and played in the NFL

continuously between calendar years 1981 and 1985.

19.   Mr. Moore died a premature death while suffering from the effects of

concussive brain damage which he sustained while he was employed as a football player in

the National Football League.

4

20.   The Defendants maintained a practice in which, through advertising and other solicitation in multiple states, including the State of Michigan, the attorneys have located, identified, solicited and represented multiple former employees of the National Football League.  The Defendant firms, and the individually named Defendants, purport to represent Plaintiffs in what is generally known as the NFL "concussion" litigation.

21.   The Defendants established an attorney-client relationship with the Estate of Booker T. Moore, by communication with Mrs. Stephanie Moore and by execution of representation and retainer agreements on or around June 12, 2012.

22.   At all times pertinent to this Complaint, the Personal Representative furnished the Defendants with any and all information they requested, access to Mr. Moore's medical records, details regarding the circumstances of his death, access to the Genesee County Medical Examiner's office including its physicians, employees, and medical records custodian.

23.   The Defendants established a claim in the then-pending lawsuit in the State of Pennsylvania as described below:

> ### UNITED STATES DISTRICT COURT
> ### FOR THE EASTERN DISTRICT OF PENNSYLVANIA
>
> IN RE: NATIONAL FOOTBALL
> LEAGUE PLAYERS' CONCUSSION
> INJURY LITIGATION – MDL NO. 2323 [No. 12-md-2323 (AB)]
>
> **Booker Moore v. National Football League [et al.],**
> No. 2:12-cv-04027-AB

24.   The Defendants filed the appropriate litigation claim in what is known as the NFL "concussion" national litigation.

5

25.    The Defendants represented the Estate and were responsible for filing all paperwork, proofs, evidence, medical records, supporting documentation, and substantiation of Mr. Moore's entitlement to apply for and receive benefits under the "concussion" protocol, including his premature death while suffering from Chronic Traumatic Encephalopathy (CTE).

26.    In response to a question by the Personal Representative, counsel indicated in writing that the minimal expectation for recovery under the applicable portions of the concussion protocol would be a $2 million result in favor of the Estate.

27.    Defendants failed to timely file proof of medical diagnostic information necessary to satisfy qualification requirements for the concussion protocol and concussion compensation schedule.

28.    Defendants missed the medical proofs and evidentiary filing deadline for the initial claim, which lapsed in April 22, 2015. They subsequently availed themselves of an opportunity to file an Appeal.

29.    Defendants withheld information from Mrs. Moore regarding the April 22, 2015 deadline, and the delay the Defendants caused by their failure to furnish medical proofs, in conformity with the concussion protocol and settlement requirements.

30.    Defendants did not file a timely response to the mandatory medical substantiation within the timeframe established by the Master Settlement protocols & agreements.

31.    Defendants did not file a timely appeal with a satisfactory explanation for their dilatory conduct.

LAWRENCE J. ACKER
Professional Corporation
901 Wilshire Drive, Suite 550, Troy, Michigan 48084
Phone: (248) 594-7277

6

32. Defendants withheld information from Mrs. Moore in her capacity as Personal Representative, failing to disclose their delay and errors in missing applicable deadlines and jeopardizing the rights of the Estate to recover compensation.

33. On information and belief, and as a result of evaluating the Medical Examiner records, Plaintiffs will prove that the Defendants confirmed Mr. Moore's tissue samples were available for evaluation, and the Genesee County Medical Examiner's Office was willing to begin preparing them for shipment, as early as October 22, 2012. Defendants failed to secure the medical information necessary for a diagnostic evaluation because they did not request tissue samples in a timely manner from the Genesee County Medical Examiner's Office to comply with the April 22, 2015 deadline. When the Defendants did finally seek the necessary medical records for a neuropathological evaluation of Mr. Moore's remaining tissue samples on June 23, 2015, the County Medical Examiner responded immediately, expedited production of the documents, and was willing to expedite the necessary pathological samples directly to the participating neuropathologist by overnight mail.

34. The dilatory conduct attributable to the missed filing deadlines cannot be attributed to the Personal Representative nor to the medical examiner's office.

35. Mrs. Moore was never asked to assist in communication with the Genesee County Medical Examiner's office, located in Flint, Michigan, notwithstanding the fact that she resides in the City of Flint.

36. Mrs. Moore did not know that the Defendants had encountered filing deadlines, were not going to meet the deadline established by the Concussion Protocol Master, and

were otherwise not following through on the attorney-client relationship in the manner required to satisfy qualification for receipt of NFL concussion benefits.

37.   Defendants missed the first filing deadline of April 22, 2015.

38.   Defendants delayed in efforts to locate qualified neuropathologists to evaluate the pathology materials remaining from the autopsy performed on Mr. Moore.

39.   Defendants' explanation in their dilatory appeal paperwork was deemed unsatisfactory by the Concussion Master, for reasons stated in the Order Denying the Appeal.

40.   It is abundantly clear that all of the delays were attributable to the Defendants and that, with appropriate diligent and professionally competent behavior, Mr. Moore's claim in the concussion protocol would have resulted in payment to his Estate of NFL concussion damages, in excess of two million dollars ($ 2 Million dollars).

41.   It is clear that Mr. Moore died with the consequences of the neuropathological injuries that he sustained, that the diagnosis of CTE was made from his remaining pathology samples preserved by the Medical Examiner's office, that the neuropathological injury that he sustained was manifested in brain damage, and that support for this medical presentation was available through a qualified neuropathologist.

<u>COUNT I – PROFESSIONAL LIABILITY</u>

42.   Plaintiff hereby incorporates by reference hereto paragraphs 1-41 above as though fully set forth herein, word for word and paragraph for paragraph.

43.   At all times pertinent hereto, the Defendants were engaged in the practice of their profession, and held themselves out to the public and in particular to Plaintiff as skilled

8

and competent attorneys, capable of properly and skillfully representing, advising,

counseling and consulting with individuals seeking their services.

44.    The Defendants owed Plaintiff the duty to possess that reasonable degree of

learning and skill that is ordinarily possessed by attorneys in similar situations, and to use

reasonable care and diligence in the exercise of the skill and application of their learning to

the representation, advice, counseling and consulting with individuals seeking their services

in accordance with the standard prevailing amongst attorneys in the State of Michigan, and

in Class Action litigation of the type described.

45.    The Defendants, by and through their duly authorized agents, servants and/or

employees in disregard of their duties and obligations to the Plaintiff, and at variance with

the prevailing standards, were guilty of negligence and malpractice in the following

particulars:

- a.  Defendants failed to obtain pathological material, as early as November 1, 2012, when the Genesee County Medical Examiner's (ME) office timely responded to communication, agreed to provide pathology samples and slides for medical review, but Defendants stated they did "not want to have the slides cut" and would have them "cut at a later date";

- b.  Defendants did not communicate with the Genesee County Medical Examiner's (ME) office between November 1, 2012 and June 23, 2015, after the date for submission of the medical proofs and evidentiary support for the Estate's claim had expired in April 22, 2015;

- c.  Defendants failed to communicate with Mrs. Moore regarding the deadline, nor their inattention to gathering medical support for the Claim as required by the Settlement documents approved by the federal court;

- d.  Defendants did not search for, nor locate, a qualified pathologist in a timely manner, and as a consequence did not secure a qualified pathological review until after the deadline had expired;

LAWRENCE J. ACKER
Professional Corporation
901 Wilshire Drive, Suite 550, Troy, Michigan 48084
Phone: (248) 594-7277

**LAWRENCE J. ACKER**
Professional Corporation
901 Wilshire Drive, Suite 550, Troy, Michigan 48084
Phone: (248) 594-7277

e.  Between June 2012, and June 2015, the Defendants failed to secure a neuropathologist to evaluate tissue samples, specifically for Mr. Moore's Claim;

f.  Defendants failed to alert Mrs. Moore to these delays, and did not provide her the opportunity to locate other counsel, assist with gathering medical proofs, and assist with location of a qualified supportive physician;

g.  Defendants failed to secure appropriate neuropathological review for the Booker T. Moore case, and similarly situated Plaintiffs whom they represented, and could have and should have been in a position to locate Dr. Miller, or someone with his qualifications, much earlier than they did;

h.  Substantiation for the medical proposition that Mr. Moore died while suffering from CTE should have been secured earlier than April 22, 2015, and timely submitted in conformity with the settlement requirements and, but for the mistakes of the Defendants, these proofs should have been gathered, confirmed, and made available in conformity with the settlement requirements;

i.  Other acts of malpractice to be more fully described as discovery is completed.

46.  The acts and/or omissions which constitute negligence and/or malpractice of the Defendants, which have been described in this Complaint, directly and proximately caused and/or contributed to Plaintiff's injuries and damages, which include by way of illustration but not by way of limitation, the following:

a.  Loss of Scheduled Compensation from the NFL Concussion Settlement in an amount in excess of $2 Million dollars;

b.  Delays in securing Compensation which prevented investment opportunity, interest, and other monetary benefits for the Estate;

c.  Mental anguish, emotional distress and related losses suffered by the Heirs of the Estate; and

d.  Other damages to be more fully described as discovery is completed.

10

WHEREFORE, Plaintiff prays for entry of a Judgment in her favor to be determined by the trier of fact together with interest, costs and attorney fees, which will fully compensate the Estate of Mr. Booker T. Moore for the losses sustained by the Estate and Mr. Moore's heirs.

<u>COUNT II – BREACH OF FIDUCIARY DUTY</u>

47.    Plaintiff hereby incorporates by reference hereto paragraphs 1-46 above as though fully set forth herein, word for word and paragraph for paragraph.

48.    At all times pertinent hereto, the Defendants were engaged in an attorney-client relationship with Plaintiff and owed Plaintiff a fiduciary duty.

49.    Defendants failed to inform Plaintiff about the April 22, 2015 deadline, which had been established by the Amended Settlement Agreement, and which required a qualifying diagnosis to be provided to the Court by a specific date.

50.    Defendants knew or had the duty to know of this deadline when the Settlement Agreement was amended on February 13, 2015 and failed to communicate this deadline to the Plaintiff.

51.    After the deadline had passed, Defendants were not forthcoming about their error in allowing the April 22, 2015 deadline to lapse without submission of qualifying diagnosis and medically admissible proofs.

52.    Defendants failed to inform Plaintiff of their delay in securing the tissue sample slides and an expert neuropathologist able to determine if Mr. Moore died with a qualifying diagnosis before April 22, 2015.

53.    Defendants failed to disclose to Mrs. Moore that, as personal representative, she could have acquired the tissue sample slides directly from the Medical Examiner(ME) office and sought timely review and diagnosis by a qualified neuropathologist to meet the April 22,

11

2015 deadline, in view of the Defendants' lapse in compliance with their duties and obligations.

54.   Defendants failed to disclose to Mrs. Moore that, as personal representative, she could have sought the assistance of other counsel in a timely manner and satisfied the April 22, 2015 deadline.

55.   The duty to keep the personal representative fully informed, to communicate on a regular and timely basis, to be forthcoming with explanations and communications is established by the applicable Professional Rules of Conduct, and by the standard of practice, and the failure to comply with those duties and obligations is a violation of the standard of practice.

56.   The acts and/or omissions which constitute Defendants' breach of fiduciary duty, which have been described in this Complaint, directly and proximately caused and/or contributed to Plaintiff's injuries and damages, which include by way of illustration but not by way of limitation, the following:

   a.   Loss of Scheduled Compensation from the NFL Concussion Settlement in an amount in excess of $2 Million dollars;

   b.   Delays in securing Compensation which prevented investment opportunity, interest, and other monetary benefits for the Estate;

   c.   Mental anguish, emotional distress and related losses suffered by the Heirs of the Estate; and

   d.   Other damages to be more fully described as discovery is completed.

LAWRENCE J. ACKER
Professional Corporation
901 Wilshire Drive, Suite 550, Troy, Michigan 48084
Phone: (248) 594-7277

12

WHEREFORE, Plaintiff prays for entry of a Judgment in her favor to be determined by the trier of fact together with interest, costs and attorney fees, which will fully compensate the Estate of Booker T. Moore for the losses sustained by the Estate and Mr. Moore's heirs.

Respectfully Submitted,

LAWRENCE J. ACKER, P.C.

Date:  February 4, 2020                   By:   /s/ Lawrence J. Acker
                                                LAWRENCE J. ACKER (P28123)
                                                Attorney for Plaintiffs
                                                901 Wilshire Drive, Suite 550
                                                Troy, MI 48084
                                                (248) 594-7277

**LAWRENCE J. ACKER**
Professional Corporation
901 Wilshire Drive, Suite 550, Troy, Michigan 48084
Phone: (248) 594-7277

13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

STEPHANIE MOORE as Personal Representative
For the Estate of BOOKER THOMAS MOORE, Deceased

|  | Plaintiff | Case No. 19- -NM |
|---|---|---|
| vs. |  | HON. |

EVAN KATIN-BORLAND; ANTHONY TARRICONE;
KREINDLER & KREINDLER, LLP;
KONSTANTINE WILLIAM KYROS; and
KYROS LAW OFFICES

Defendant.

| LAWRENCE J. ACKER (P28123)<br>Attorney for Plaintiff<br>LAWRENCE J. ACKER, P.C.<br>901 Wilshire Drive, Suite 550<br>Troy, MI 48084<br>248/594-7277 |  |
|---|---|

**JURY DEMAND**

NOW COME Plaintiff herein and hereby demands a trial by jury in this matter.

Respectfully Submitted,

LAWRENCE J. ACKER, P.C.

Date: February 4, 2020                    By:  /s/ Lawrence J. Acker
                                                LAWRENCE J. ACKER (P28123)
                                                Attorney for Plaintiff
                                                901 Wilshire Drive, Suite 550
                                                Troy, MI 48084
                                                (248) 594-7277

**LAWRENCE J. ACKER**
Professional Corporation
901 Wilshire Drive, Suite 550, Troy, Michigan 48084
Phone: (248) 594-7277

14